IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SAWYER,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　No. 14-cv-0260 JB/SMV

JOHN SANCHEZ and ATTORNEY GENERAL
OF STATE OF NEW MEXICO,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Petitioner Richard Sawyer's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [Doc. 1] ("Petition"), filed March 17, 2014. Respondents answered on May 5, 2014, arguing that the Petition should be dismissed because it is time-barred. [Doc. 8]. Petitioner filed no reply. The Honorable James O. Browning, United States District Judge, referred this matter to the undersigned for proposed findings and a recommended disposition. [Doc. 5]. Having considered the parties' submissions, the record in this case, the relevant law, and being otherwise fully advised in the premises, I recommend that the claims be DENIED and the case be DISMISSED with prejudice.

### Factual and Procedural Background

Petitioner is in custody pursuant to a valid Judgment, Partially Suspended Sentence, and Commitment, filed June 3, 2010, in the Fourth Judicial District Court, Cause No. D-430-CR-020100010. [Doc. 8-1] at 1–4.

Petitioner was charged with various offenses stemming from an incident that occurred on or about August 28, 2009, in Mora County, New Mexico. *Id.* at 1, 5. In a plea agreement executed on May 17, 2010, Petitioner agreed to plead guilty to four counts, including two counts of second-degree kidnapping (Counts 1 and 2), one count of third-degree aggravated battery on a peace officer (Count 4), and one count of fourth-degree aggravated fleeing (Count 7). *Id.* at 5. In return, the State of New Mexico agreed to dismiss all other charges against him. *Id.* at 6. Petitioner pleaded guilty at a plea hearing the same day. *Id.* at 1.

On June 3, 2010, the Honorable Matthew J. Sandoval, District Judge for the Fourth Judicial District Court, entered a Judgment, Partially Suspended Sentence, and Commitment against Petitioner. *Id.* at 1. Judge Sandoval sentenced Petitioner to an actual term of eight years' incarceration to be followed by five years of supervised parole.[1] *Id.* at 2. Petitioner filed no direct appeal.

On October 11, 2012, Petitioner filed a Motion for Post-Conviction Relief in state court. *Id.* at 11–18. Appearing pro se, Petitioner argued that "coercion was a tremendous influence" in his decision to enter the plea agreement, *id.* at 12, and further challenged the sufficiency of evidence to support his kidnapping convictions, *id.* at 14.[2] It does not appear that Petitioner's state court motion for post-conviction relief received any formal court disposition. [Doc. 8-2] at 38; *see* [Doc. 8] at 2.

---

[1] Petitioner was sentenced to nine years' incarceration, with one year suspended, for each kidnapping offense; the kidnapping sentences would run concurrent with each other. [Doc. 8-1] at 2. Petitioner was sentenced to three years, suspended, for the aggravated battery offense and 18 months, suspended, for the aggravated fleeing offense. *Id.* All suspended sentences would run concurrent with each other. *Id.*

[2] In his Motion for Post-Conviction Relief, Petitioner appears to argue that he committed false imprisonment rather than kidnapping. [Doc. 8-1] at 14, 15. At another point in the same motion, he states that he "continues to accept full responsibility for his actions and crimes" and "understands completely the seriousness of the offenses." *Id.* at 16. The requested relief and supporting grounds are unclear.

2

Petitioner then filed a petition for writ of habeas corpus in state district court on November 27, 2013.  [Doc. 8-1] at 25–32.  The petition raised various claims, including ineffective assistance of counsel; that Petitioner was "serving an illegal sentence"; that insufficient evidence supported his kidnapping convictions; and that "coercion was a tremendous influence" in his decision to plead guilty.  *Id.* at 27–28.  Judge Sandoval summarily dismissed the petition on December 18, 2013.  *Id.* at 33.

On January 14, 2014, Petitioner submitted filings construed by the state courts as a petition for writ of certiorari pursuant to Rule 12-501 of the New Mexico Rules of Appellate Procedure.  [Doc. 8-2] at 11–35.  The Supreme Court of New Mexico denied the petition on February 6, 2014.  *Id.* at 36.

On March 17, 2014, Petitioner brought his claims to federal court under § 2254, asserting two grounds for relief.  [Doc. 1].  In Ground One, Petitioner claims that his trial counsel was ineffective in "fail[ing] wholly to communicate with [Petitioner]" during his pretrial detention, failing to investigate and obtain police reports, and failing to interview Petitioner's wife and daughter—the kidnapping victims—who "would [have] told the truth and set [him] free."  *Id.* at 5.  In Ground Two, Petitioner claims that his "conviction [was] obtained by use of coerced confession."  *Id.* at 7.  Respondents concede that Petitioner has exhausted available state-court remedies on both grounds.  [Doc. 8] at 4.

### **Statute of Limitations for 28 U.S.C. § 2254 Habeas Petitions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in part at 28 U.S.C. § 2244(d)(1), became effective April 24, 1996, and established a one-year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254.  *Wood v. Millyard*, 132

S. Ct. 1826, 1831 (2012). That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. § 2244(d)(1)(A). Alternatively, the time begins to run from the date on which a state-created impediment to filing in federal court was removed, § 2244(d)(1)(B), the date on which the constitutional right asserted was initially recognized by the Supreme Court, § 2244(d)(1)(C), or the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence, § 2244(d)(1)(D).

Statutory or equitable tolling may toll the one-year period of limitations. Statutory tolling applies during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year period may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The Tenth Circuit has limited equitable tolling to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling would be appropriate, for example . . . when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal quotation marks omitted). "Simple excusable neglect" is insufficient to invoke equitable tolling. *Id.* The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

**Analysis**

Respondents argue that the Petition is time-barred because it was filed after the one-year period of limitations had run, and neither statutory tolling nor equitable tolling applies. [Doc. 8] at 5. Respondents are correct.

> I.   The Petition is untimely because the one-year period of limitations expired long before the Petition was filed.

As a preliminary matter, I must first determine the starting point for the one-year period of limitations. Petitioner appears to believe that the start date of one-year period of limitations is related to the date on which he filed his state habeas petition. [Doc. 1] at 13. However, the date a petitioner files his state habeas petition does not trigger the limitations period. *See* § 2244(d)(1).

Petitioner does not allege that any state-created impediment prevented him from filing in federal court. Therefore, § 2244(d)(1)(B) is inapplicable. Petitioner's claims are not based on a newly recognized constitutional right. Thus, § 2244(d)(1)(C) does not apply. Lastly, Petitioner has made no argument that the factual predicates of his claims were unknown to him at the time that the judgment was entered against him. *See* § 2244(d)(1)(D).

As alternative starting points are inapplicable, Petitioner's one-year period of limitations began to run on the date the judgment against him became final by the expiration of time for direct review. *See* § 2244(d)(1)(A). Judgment was entered against Petitioner on June 3, 2010. [Doc. 8-1] at 1. Under Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure, Petitioner had 30 days in which to file an appeal. *Holloway v. Hatch*, 250 F. App'x 899, 900 (10th Cir. 2007). Petitioner filed no appeal within this 30-day period. Thus, the judgment against Petitioner became final by the expiration of time for direct appeal on July 6, 2010 (the first business day after the 30-day period had run). *See* [Doc. 8] at 6.

5

Petitioner had one year from July 6, 2010—that is, until July 6, 2011—in which to file his habeas petition. Petitioner filed the instant Petition on March 17, 2014. [Doc. 1]. The Petition is untimely and is therefore time-barred absent application of statutory or equitable tolling.

## II.  Statutory tolling does not apply.

A properly filed application for state post-conviction or other collateral review will toll the one-year period of limitations. 28 U.S.C. § 2244(d)(2). But state post-conviction filings do not toll the limitations period when filed after AEDPA's limitations period has run. *See Kingyon v. Kansas*, 564 F. App'x 397, 400 (10th Cir. 2014); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142−43 (10th Cir. 2001) (once the statute has run, a collateral action cannot revive it). Petitioner filed no application for state post-conviction or other collateral review between July 6, 2010, and July 6, 2011. Petitioner's Motion for Post-Conviction Relief, filed October 11, 2012, his state habeas petition, filed November 27, 2013, and his subsequent petition for writ of certiorari to the Supreme Court of New Mexico, filed January 14, 2014, were each filed well after the one-year AEDPA limitations period had expired and thus have no tolling effect. I find, therefore, that Petitioner is not entitled to statutory tolling.

## III.  Equitable tolling does not apply.

Having determined that Petitioner's habeas petition is untimely, and that Petitioner is not entitled to statutory tolling, I must examine whether Petitioner is entitled to equitable tolling. Assuming *arguendo* that Petitioner has diligently pursued his claims—which he does not argue,

and which I do not find—Petitioner offers nothing to show that extraordinary circumstances beyond his control prevented him from timely filing his federal Petition. *See Marsh*, 223 F.3d at 1220; *also Miller*, 141 F.3d at 977 (placing the burden on the petitioner to show that he is entitled to equitable tolling). Moreover, my own examination of the record reveals nothing beyond simple neglect, and certainly no exceptional circumstances beyond Petitioner's control that would have prohibited timely filing. Thus, I find that equitable tolling does not apply.

In summary, the Petition is untimely as it was filed long after the AEDPA statute of limitations had expired. Neither statutory nor equitable tolling applies. I find, therefore, that the Petition is time-barred.

## **CONCLUSIONS AND RECOMMENDED DISPOSITION**

For the reasons set forth herein, I respectfully recommend that the Petitioner's § 2254 Petition [Doc. 1] be **DENIED**, and that his action be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**